Henry F. Reints, an individual, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

342

Submitted on briefs October 18, 1984, to Judges MacPhail, Barry and Colins, sitting as a panel of three.

*Henry F. Reints,* petitioner, for himself.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Colins, December 6, 1984:

Henry F. Reints (claimant) appeals a decision of the Unemployment Compensation Board of Review

(Board), which affirms a referee's decision to deny benefits to claimant because he was self-employed. Section 402(h) of the Unemployment Compensation Law[1] provides in pertinent part:

An employee shall be ineligible for compensation for any week in which he is engaged in self-employment: Provided, however, that an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity . . . undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. . . .

This Court has held that a claimant will not be disqualified under Section 402(h) if the following factors are present: (1) The self-employment activity precedes valid separation from full-time work; (2) it continues without substantial change after separation; (3) the claimant remains available for full-time work after separation; and (4) the self-employment activity is not the primary source of the claimant's livelihood. *Parente v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 455, 366 A.2d 629 (1976).

Claimant was employed by Amherst Insurance Company as supervisor of the bond department. He was employed from 1970 through 1982, and was laid off on September 30, 1982 as a result of the company being liquidated by the Insurance Commissioner.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended*, 43 P.S. §802(h).

Claimant had been conducting a part-time law practice in Indiana, Pennsylvania since 1975. Income tax returns submitted in evidence at the hearing indicate that he recorded financial losses from his law practice in 1979, 1980 and 1981.

The referee made the following critical findings of fact:

7. The claimant prior to his lay off worked as a private lawyer during the evening hours and the weekends.

. . .

9. The claimant since his layoff has substantially increased his time in his law practice.

The sole issue is whether the referee correctly found that the nature of claimant's self-employment substantially changed after his separation from the Amherst Insurance Company. The referee made no specific findings as to the number of hours the claimant devoted to his practice subsequent to being laid off, nor was there any discussion of claimant's credibility.

Where the party with the burden of proof has prevailed below, our scope of review is to determine whether there is substantial evidence to support the Board's fact-findings or whether an error of law has been committed. *Jones v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 572, 460 A.2d 412 (1983).

Our review of the record reveals no evidence that claimant increased the number of hours devoted to his law practice after being laid off. Finding of Fact No. 9, made by the referee and adopted by the Board, is based upon an assumption rather than substantial evidence. Since the decision of the Board is not based upon substantial evidence appearing of record, it must be overturned.

The claimant has met the four conditions delineated in *Parente* and should not be disqualified under Section 402(h). The order of the Board is reversed.

ORDER

AND Now, December 6, 1984, Decision No. B-216971 of the Unemployment Compensation Board of Review, dated April 11, 1983, is reversed.