624 A.2d 754

**ATTORNEYS ON CALL, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1993.

Decided April 16, 1993.

Andrew J. Heller, for petitioner.

Sean T. Welby, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and WRIGHT, Senior Judge.

PALLADINO, Judge.

Attorneys On Call (AOC) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision granting benefits to Karen Markunas (Claimant). We reverse.

The referee's decision affirmed an earlier determination by the Bureau of Unemployment Compensation Benefits and Allowances. The referee made the following findings of fact:

1. The claimant filed an application for benefits with an effective date of July 28, 1991 and was found financially eligible to receive benefits.

2. The claimant filed this application for benefits after having been separated from employment with [a] Philadelphia Law Firm for reasons not at issue here.

3. [In September 1991] [t]he claimant responded to an ad in the newspaper seeking individuals looking for full time, part time or temporary legal work. In response the claimant sent her resume to Attorneys On Call, who later interviewed the claimant at which time she entered into an agreement with Attorneys On Call, whereby they would attempt to provide her with work.

4. The claimant and others were given an opportunity to interview for work at a particular Law Firm and the claimant was not selected for the assignment. The interview was arranged by Attorneys On Call.

5. The claimant was contacted and accepted a three and a half hour assignment from Attorneys On Call on January 13, 1992. She was remunerated at a rate of $17.00 an hour as established by Attorneys On Call and their client.

6. Following the above noted assignment, the claimant there after [sic] did not perform services for Attorneys On Call.

7. The claimant does not hire herself out to be an Attorney with an independent practice and has been seeking employ-

ment as an Attorney since her separation from the Philadelphia Law Firm as noted in the finding above. She secured work in her field and began her current employment on March 2, 1992.

The referee concluded that Claimant was not ineligible for benefits under Sections 401(d)(1)[1] or 402(h)[2] of the Law. With respect to the definition of "employment" under Section 4(l)(2)(B),[3] the referee concluded, "[t]here is no record evidence here which would indicate that the claimant performed work with Attorneys On Call as an independent professional attorney or that she was customarily engaged in such activities. Accordingly, the claimant was not self employed and there is no basis for denial of benefits under Section 402(h) of the Law." On appeal, the Board affirmed and adopted the referee's decision.

■ On appeal to this court,[4] the issue presented is whether Claimant was an employee of AOC or self-employed under Section 4(l)(2)(B). Such a determination is a question of law subject to our review. *Harper v. Unemployment Compensa-*

1. Section 401(d)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1), which states in pertinent part, "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who—(d)(1) Is able to work and available for suitable work ..."

2. Section 402(h) of the Law, 43 P.S. § 802(h), states in pertinent part, "[a]n employe shall be ineligible for compensation for any week—(h) In which he is engaged in self-employment ..."

3. Section 4(l)(2)(B) of the Law, 43 P.S. § 753(l)(2)(B), states in pertinent part:
   [s]ervices performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

4. Our scope of review is limited to whether constitutional rights were violated, whether findings of fact are supported by substantial evidence, or whether an error of law was committed. Section 704 of the Administrative Agency Law, 1 Pa.C.S. § 704.

*tion Board of Review,* 65 Pa.Commonwealth Ct. 474, 443 A.2d 419 (1982).

■ Where a claim of eligibility for benefits under the Act is made, the one against whom the claim is made has the burden of proving both subsections of Section 4(*l*)(2)(B) before a claimant can be declared ineligible as self-employed. *Crenshaw v. Unemployment Compensation Board of Review,* 50 Pa.Commonwealth Ct. 136, 412 A.2d 682 (1980).

*Analysis Under Subsection (a)*

■ This court has examined many factors to determine whether a claimant is under the control of a purported employer, including whether there was on-the-job training, whether tools were supplied, whether there were regular meetings to attend, whether there was a fixed rate of remuneration, whether taxes were deducted from the claimant's pay, and other factors. *Kelly v. Unemployment Compensation Board of Review,* 107 Pa.Commonwealth Ct. 261, 528 A.2d 294 (1987).

■ When Claimant began her professional relationship with AOC, she entered into a contract with AOC, pertinent parts of which provide the following:

> By executing this agreement, you are indicating your willingness to accept work engagements with [AOC's] clients ("Clients") as [AOC] shall offer, and as you desire. [AOC] is under no obligation to provide you with any minimum number of opportunities. You are under no obligation to accept any engagement ... Compensation will depend on your experience and on the nature of the job's responsibilities. You will be informed as to the specific rate prior to your accepting an engagement ... You may be asked to meet with a Client for an interview or training. Such interviews and/or training may be without compensation or at reduced compensation ... *You will not be deemed an employee of [AOC], but will be deemed an independent contractor. You are solely responsible for your work product, your professional demeanor, and the payment of your*

*taxes and insurance. In keeping with your status as an independent contractor, you understand you may not seek benefits under state unemployment insurance coverage upon the completion or termination of any engagement.* (Emphasis supplied.)

The agreement expressly provides that Claimant was under no obligation to accept assignments, there was no fixed rate of remuneration, there was a possibility of no compensation for interviews with clients, there were no taxes deducted from Claimant's pay, and Claimant specifically agreed that she would not be eligible for unemployment benefits at the termination of any assignment. These factors amply support our conclusion that Claimant was not under the control of AOC.

### Analysis Under Subsection (b)

As to whether an individual is customarily engaged in an independently established profession, this court has stated:

> [i]n interpreting the meaning of "customarily engaged" and "independent business" important factors have been whether the individual held himself out or was capable of performing the particular activities in question for anyone who wished to avail himself of such services and whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services.

*Jochynek v. Unemployment Compensation Board of Review,* 32 Pa.Commonwealth Ct. 86, 90, 378 A.2d 490, 492 (1977).

As a professional, Claimant held herself out as capable of performing her particular professional skills for anyone who wished to avail himself of such services. The agreement provides for the possibility that Claimant would prefer not to undertake certain legal assignments and permits her the flexibility to pick and choose. As an attorney, Claimant cannot seriously contend that she did not understand the language and import of what she signed.

Further, Claimant acknowledged that rates of compensation might differ from assignment to assignment and that the

charges would be subject to negotiation between the Claimant and the prospective user of her services.

Indeed the contract makes clear that Claimant agreed to training without compensation, meetings and interviews without compensation and differing arrangements with each assignment, all of which supports the conclusion that Claimant was customarily engaged in an independently established profession.

Because Claimant as a matter of law is not eligible for unemployment compensation benefits under Section 4($l$ )(2)(B), we reverse.

### ORDER

AND NOW, April 16, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.