RESOURCE STAFFING,
INC., Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 2010.

Decided May 13, 2010.

Edward J. Easterly, Allentown, for petitioner.

Jonathan D. Koltash, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Resource Staffing, Inc. (RSI) petitions for review of the August 28, 2009, decision and order of the Unemployment Compensation Board of Review (Board), which, on remand, held that Edward W. Bush (Claimant) is not ineligible for benefits pursuant to section 402(h) of the Unemployment Compensation Law (Law).[1] We reverse.

Claimant is an experienced Microsoft systems engineer and administrator. RSI, an information technology consulting agency, located Claimant's resume on Monster.com and offered him a six-month contract position. Claimant signed a Contractor Agreement (Reproduced Record (R.R.) at 55a–62a) on October 30, 2006, and he worked for Carpenter Technology (the client), at the client's facility, from November 13, 2006, through September 20, 2007. (Board's Finding of Fact, No. 1.)

Following the completion of the project, the local job center approved Claimant's application for benefits, concluding that Claimant was not self-employed pursuant to section 402(h) of the Law. (R.R. at 1a.) RSI appealed, and a referee conducted an evidentiary hearing at which Claimant and Ms. Hensinger, RSI's representative, testified. The referee affirmed the job center's determination, concluding that RSI failed to meet its burden to show that Claimant was free from RSI's direction or control in the performance of his work. RSI appealed to the Board, which affirmed the referee's decision, adopting and incorporating the referee's findings and conclusions. (R.R. at 78a.) RSI then petitioned this Court for review, and in *Resource Staffing, Inc. v. Unemployment Compensation Board of Review,* 961 A.2d 261 (Pa. Cmwlth.2008), we vacated the Board's order and remanded to the Board with instructions to issue additional findings of fact.[2]

On August 24, 2009, the Board issued a second decision and order, again affirming the referee's determination that Claimant is not ineligible for benefits pursuant to section 402(h) of the Law. In relevant part, the Board found that: (1) RSI required Claimant to work a set schedule; (2) Claimant was required to notify RSI before taking sick or vacation time; (3) RSI admitted that it directly supervised Claimant; (4) Claimant was required to attend meetings on site to discuss the progress of his work with the client and RSI; and (5) Claimant was required to submit timesheets to RSI.[3] (Board's Findings of Fact, Nos. 7, 9, 17, and 18; R.R. at

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h). Section 402(h) of the Law provides that an employee shall be ineligible for compensation for any week in which he is engaged in self-employment.

2. In our opinion, we concluded that the Board's decision failed to address factual issues that were essential in determining whether Claimant was an employee of RSI.

We also found that the Board's legal analysis was flawed because the Board did not recognize a distinction between RSI and the client as a putative employer.

3. Additional relevant findings of the Board are summarized as follows: RSI did not provide on-the-job training for Claimant; the only tool necessary for Claimant to complete his assigned tasks was a computer which was provided by the client; RSI contacted Claim-

90a.) Based on these findings, the Board concluded that RSI exercised control over Claimant's work. The Board further found that: (1) Claimant performed his work for RSI alone; (2) Claimant did not have time to perform services for anyone else due to the nature of his work with RSI; and (3) Claimant was limited in his ability to seek additional work due to the Contractor Agreement. (Board's Findings of Fact, Nos. 6, 23, and 24; R.R. at 91a.) Based on these findings, the Board concluded that RSI failed to establish that Claimant worked independently.[4]

On appeal from the Board's August 24, 2009, decision and order, RSI argues that the Board's findings of fact are not supported by substantial evidence and that the Board erred in holding that Claimant was an employee of RSI rather than an independent contractor.[5] We agree.

Pursuant to section 402(h) of the Law, an employee is ineligible for benefits for any week in which he is engaged in "self-employment." The Law does not define the term "self-employment"; however,

section 4($l$)(2)(B) of the Law defines "employment" as follows:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753($l$)(2)(B). Section 4($l$)(2)(B) of the Law creates a presumption that an individual working for wages is an employee. *Beacon Flag Car Company, Inc. v. Unemployment Compensation Board of Review*, 910 A.2d 103 (Pa.Cmwlth.2006). A putative employer has the burden to overcome this presumption by demonstrating that: (1) the individual was free from control or direction in the performance of his work;[6] and (2) the individual was cus-

ant several times a month regarding the work he was performing for the client; RSI occasionally supervised Claimant's work in person at the client's location; RSI required Claimant to attend meetings at the client's location to discuss issues and problems with the client's computer systems; and, RSI did not withhold taxes from Claimant's pay because they intended to issue a 1099. (Board's Findings of Fact, Nos. 10, 12, 15–18, and 20–21.)

4. The Board's analysis indicates that the Board found Claimant's testimony more credible than that of Ms. Hensinger:

> Claimant credibly testified that he performed his work for the employer alone and that he simply did not have any additional time in the day to perform services for anyone else and in fact did not seek to perform such services for others.... Accordingly, the Board concludes that the employer has failed to credibly establish that the claimant was customarily engaged in an

independently established business or occupation.

(Board's decision, p. 4.) To the extent that there is any conflict between their testimony, we rely on Claimant's own testimony in reaching our determination.

5. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. In analyzing the issue of control, courts consider factors such as: whether there was a fixed rate of remuneration; whether taxes were withheld from the claimant's pay; whether the employer supplied the tools necessary to carry out the services; whether the employer provided on-the-job training; whether the employer set the time and location for work; whether the employer had the

tomarily engaged in an independently established trade, occupation, profession or business while providing such services. *Id.*

We agree with RSI that the record does not support the Board's pertinent findings of fact; to the contrary, the record reflects that RSI did not control or have the authority to control Claimant's work or manner of work. Claimant himself testified that RSI did not provide him with his daily assignments. Instead, Claimant testified that he was given work each day by a manager employed by the client and that he was supervised by numerous individuals who worked for the client.[7] (R.R. at 17a, 25a.) This testimony is consistent with the terms of the Contractor Agreement, which state that Claimant shall have the discretion to control the means and manner of his work and that the evaluation of his performance shall be made by the client.[8]

Nonetheless, the Board determined that RSI exercised control over Claimant, reasoning as follows:

> right to monitor the claimant's work and review performance; and whether the employer held regular meetings that the claimant was expected to attend. *CE Credits OnLine v. Unemployment Compensation Board of Review*, 946 A.2d 1162 (Pa.Cmwlth.2008). No one factor is dispositive; instead this Court looks to the totality of the circumstances. *Sharp Equipment Company v. Unemployment Compensation Board of Review*, 808 A.2d 1019 (Pa.Cmwlth.2002).

7. Claimant testified that the client assigned him his work:

> It was basically the same as the full-time employees that worked there. I would show up in the morning, get the assigned work that I would do throughout the day. The work was assigned to me through a troubleshooting-type system where people would report problems and it would be assigned to the appropriate engineer. In addition to that, I would be assigned project work, and all of these things were given to me by a direct manager at Carpenter.

The claimant was required to work a set schedule at a specific location and for forty hours a week. The claimant was required to notify RSI of any sick time and any time taken for vacation. RSI admitted that it directly supervised the claimant's work, both in person and by phone contact and that the claimant was required to attend meetings on site to discuss the progress of his work with the client and RSI. The claimant was required to submit a timesheet for all of his time worked to RSI and that such time was also confirmed by the client.

(R.R. at 90a.)

■ We conclude that the Board's analysis distorts the evidence, which establishes that Claimant was required to give notice before taking vacation or sick-time so that RSI could ensure the project was completed in a timely manner[9] and that Claimant's hours and work locations were dictated by the client. (R.R. at 10a.) Al-

(R.R. at 17a.)

8. The Contractor Agreement provides as follows:
> ### 9. CONDUCT, INDEPENDENT STATUS, AND BENEFITS
> CONTRACTOR shall provide competent, professional services in the required disciplines, using its own appropriate independent skills and judgment, and the manner and means that appear best suitable to it to perform the work. Evaluation of CONTRACTOR's performance, if any, shall be made by the TPU. RSI shall have no right or responsibility hereunder to review such performances, require progress reports, set the order or sequence for performing services, or set CONTRACTOR's hours or location for work except that CONTRACTOR shall not perform services on RSI premises.

(R.R. at 57a.)

9. Ms. Hensinger testified that RSI did not provide vacation, personal or sick leave, but required two weeks notice of vacation plans to make sure the vacation fit into the project's work schedule. (R.R. at 14a.)

though Ms. Hensinger stated that RSI was Claimant's supervisor, she testified that RSI's supervision of Claimant was limited to payroll matters and obtaining general assurance that the project requirements were being satisfied. (R.R. at 12a.) In fact, according to Claimant, he spoke with Ms. Hensinger every other month and met with her twice during the relevant period. (R.R. at 24a.) Thus, the evidence of record indicates that RSI exercised the minimal amount of control necessary to ensure the quality of services provided to the client.[10] Therefore, we conclude that the Board's contrary findings of fact are not supported by substantial evidence[11] and that RSI satisfied its burden to demonstrate that it did not control Claimant's work or manner of performance.

■■■ The second prong of the independent contractor test focuses on whether a claimant was engaged in an independently established trade. *Viktor, Ltd. v. Department of Labor and Industry,* 586 Pa. 196, 892 A.2d 781 (Pa.2006). The following factors are relevant in determining if a claimant operated independently: (1) whether the individual was capable of performing the activities in question to anyone who wished to avail themselves of the services; and (2) whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services. *Krum v. Unemployment Compensation Board of Review,* 689 A.2d 330 (Pa.Cmwlth.1997).

The Board concluded that RSI failed to demonstrate that Claimant operated independently based on Claimant's testimony that he performed his work for RSI alone and that he simply did not have any additional time in the day to perform services for anyone else. (Board's Findings of Fact, Nos. 23–24; R.R. at 91.) The Board also concluded that Claimant was limited in his ability to seek work for others through restrictions in his contract with RSI. (Board's Finding of Fact, No. 6; R.R. at 91.)

However, although Claimant spent a considerable amount of time at the client's location, Claimant admitted that his schedule was flexible, (R.R. at 18a), and that the Contractor Agreement permitted him to provide his services to others.[12] Therefore, Claimant was not compelled to look to one employer for the continuation of services; Claimant was permitted to provide services to RSI, the client or other employers. In addition, although the Contractor Agreement included a non-compete clause, this Court has repeatedly held that the inclusion of a non-compete clause, by itself, does not establish an employee and employer relationship. *Beacon.* Thus, we conclude that the evidence does not support the Board's determination but, instead, establishes that RSI satisfied its burden to demonstrate that Claimant operated independently.

Because we conclude that Claimant was an independent contractor, we hold that

---

**10.** Deadlines and quality assurance measures do not establish an employer and employee relationship. *CE Credits OnLine.*

**11.** Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion. *Walsh v. Unemployment Compensation Board of Review,* 943 A.2d 363 (Pa.Cmwlth.2008).

**12.** Claimant testified as follows:

R. ... Is there anything in your contract that prohibited you from working for someone else while also working for Resource Staffing?

C. No, but considering the amount of time I would have to spend working there, plus to commuting time to drive back and forth from my home for them, there just wasn't any time left in the day to actually work for anyone else.

(R.R. at 30a.)

Claimant is ineligible for unemployment benefits pursuant to section 402(h) of the Law. Accordingly, we reverse the decision of the Board.

## ORDER

AND NOW, this 13th day of May, 2010, the order of the Unemployment Compensation Board of Review, dated August 28, 2009, is hereby reversed.