Fredrick PASOUR, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 17, 2012.
Decided Oct. 3, 2012.

---

**2.** Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

Fredrick Pasour, pro se.

Teresa Heacock DeLeo, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and COHN JUBELIRER, Judge, and COVEY, Judge.

OPINION BY Judge COHN JUBELIRER.

Fredrick Pasour (Claimant) petitions for review of the Order of the Unemployment Compensation Board of Review (Board) that found that Claimant was an independent contractor and, therefore, ineligible for unemployment compensation (UC) benefits pursuant to Sections 4($l$)(2)(B) and 402(h) of the Unemployment Compensation Law (Law),[1] 43 P.S. §§ 753($l$)(2)(B), 802(h). Claimant argues that the Board erred in its determination because the purported employer, Abelson Legal Search (Abelson), failed to show that Claimant was free from direction and control in performing his work duties and was customarily engaged in an independently established trade, occupation, profession, or business. Because we discern no error in the Board's determination, we affirm.

Claimant worked from June 2003 to May 27, 2011, for the Philadelphia Housing Authority (PHA) as a full-time attorney. Thereafter, Claimant applied to Abelson, an attorney referral company. Beginning in May 2011, Claimant performed six or seven weeks of work reviewing subrogation files for an Abelson client (Client). After Claimant's work ended, Claimant

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended.* Section 402(h) of the Law provides that "[a]n employe shall be ineligible for compensation for any week ... [i]n which he is engaged in self-employment." 43 P.S. § 802(h). Section 4($l$)(2)(B) sets forth two considerations for determining whether a claimant is considered "self-employed" for the purposes of the Law. 43 P.S. § 753($l$)(2)(B); *Beacon Flag Car Company, Inc. (Doris Weyant) v. Unemployment Compensation Board of Review,* 910 A.2d 103, 107 (Pa.Cmwlth.2006).

filed for UC benefits. The Altoona UC Service Center found Claimant eligible for benefits pursuant to Section 402(h) based on its determination that Claimant was not free from direction and control in the performance of his job. (Notice of Determination, R. Item at 5.) Abelson appealed, arguing that Claimant was an independent contractor of both it and Client and, therefore, was ineligible for benefits as someone engaged in self-employment. The Unemployment Compensation Referee (Referee) held a hearing at which Claimant and Abelson's legal recruiter/systems manager (Recruiter) testified. Abelson also introduced documentary evidence, including an Independent Contractor Agreement that Claimant had signed. The Referee made the following findings of fact:

1. For the purpose of this appeal, [C]laimant was last employed by [PHA] as a full time Attorney at a pay rate of $126,000.00 per year. [C]laimant was employed from June 2003 and his last day of work was May 27, 2011.[2]

2. [Beginning i]n May 2011, [C]laimant performed six or seven weeks of work for Abelson . . . reviewing subrogation files for a client of Abelson. . . .

2. Abelson . . . is a referral company that refers Attorneys to clients.

4. Abelson did not supervise [C]laimant's work.

5. Abelson did not require [C]laimant to complete any status reports.

6. Abelson provided no training or tools to [C]laimant to perform his work.

7. [C]laimant was free to accept other projects.

8. [C]laimant was free to accept or reject assignments.

9. [C]lient, not Abelson, set [C]laimant's rate of pay at $17.00 per hour.

10. The client, not Abelson, set [C]laimant's hours of work.

11. No taxes were withheld from [C]laimant's pay.

12. [C]laimant will be paid with a Form 1099.

13. [C]laimant's profession as an Attorney is "free standing".

(Referee's Op., Findings of Fact (FOF) ¶¶ 1–13.) The Referee determined that Abelson established that it did not exercise any direction or control over Claimant's work for Client where Abelson did not: supervise or train Claimant; provide Claimant with tools to perform his work; or require Claimant to prepare or submit progress reports. Moreover, the Referee noted that Claimant admitted that Client, not Abelson, set his hours and supervised his work. The Referee concluded that Abelson proved that: Claimant could refuse assignments and perform work for anyone; in registering with Abelson, a referral agency, Claimant held himself out as performing legal work for anyone wishing to avail themselves of Claimant's legal services; and Claimant was not required to look to a single employer for work. Accordingly, the Referee found that Abelson satisfied its burden that Claimant was an independent contractor and ineligible for UC benefits under Section 402(h) of the Law.

Claimant appealed to the Board arguing, *inter alia*, that he was not an independent contractor. The Board concluded that the Referee's determination was correct under the Law, adopted and incorporated the

2. Claimant indicated that, from February 4, 2011, until May 27, 2011, he was on paid suspension from his position with PHA after which he was terminated. (Claimant's Appeal to the Board, R. Item 12.)

Referee's findings of fact and conclusions of law as its own, and affirmed that determination. Claimant now petitions this Court for review.[3]

■ We must determine whether the Board erred in finding that Claimant was an independent contractor and, therefore, ineligible for benefits under Section 402(h) of the Law. Section 402(h) of the Law states that "[a]n employe shall be ineligible for compensation for any week ... [i]n which he is engaged in self-employment." 43 P.S. § 802(h). Generally, there is a presumption in the Law that an individual receiving wages is an employee and not an independent contractor engaged in self-employment. *Electrolux Corporation v. Department of Labor and Industry, Bureau of Employer Tax Operations*, 705 A.2d 1357, 1359–60 (Pa.Cmwlth.1998) (citing 43 P.S. § 753($l$)(2)(B)). However, an employer can overcome this presumption by establishing that a claimant is self-employed by proving that he is an independent contractor under Section 4($l$)(2)(B). *Id.* at 1360.

■ Although the Law does not define "self-employment," our Courts utilize Section 4($l$)(2)(B) of the Law "to fill the void because its obvious purpose is to exclude independent contractors from coverage." *Beacon Flag Car Company, Inc. (Doris Weyant) v. Unemployment Compensation Board of Review*, 910 A.2d 103, 107 (Pa.Cmwlth.2006). Section 4($l$)(2)(B) provides, in relevant part:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has

been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753($l$)(2)(B). The employer bears the burden of proving that a claimant is self-employed and must establish that the claimant was: (1) free from control and direction in the performance of his service; and (2) customarily engaged in an independent trade or business as to that service. *Silver v. Unemployment Compensation Board of Review*, 34 A.3d 893, 896 & n. 7 (Pa.Cmwlth.2011). "[B]efore a claimant will be declared to be self-employed, both elements of [S]ection 4($l$)(2)(B) must be satisfied." *Id.* at 896. Whether Claimant was an employee or an independent contractor under the Law is a question of law subject to our review. *Sharp Equipment Company v. Unemployment Compensation Board of Review*, 808 A.2d 1019, 1023 n. 6 (Pa.Cmwlth.2002).

■ Claimant first argues that the Board's determination that he was free from Abelson's direction and control is not supported by substantial evidence. In reviewing the "direction and control" prong, we have considered factors such as whether: there was a fixed rate of remuneration; taxes were withheld from the claimant's pay; the employer provided the tools or training to perform the job; the employer set the time and location of work; and the employer could review the claimant's performance. *CE Credits OnLine v. Unemployment Compensation Board of Review*,

---

**3.** "The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are supported by substantial evidence in the record." *Western & Southern Life Insurance Company v. Unemployment Compensation Board of Review*, 913 A.2d 331, 334 n. 2 (Pa.Cmwlth.2006).

946 A.2d 1162, 1168 (Pa.Cmwlth.2008). No single factor is controlling and, therefore, the ultimate conclusion must be based on the totality of the circumstances. *Resource Staffing, Inc. v. Unemployment Compensation Board of Review*, 995 A.2d 887, 890 n. 6 (Pa.Cmwlth.2010).

██ Here, Claimant testified that, although Abelson paid him, Client set his hours and compensation rate, trained him, and supervised his work. (Referee Hr'g Tr. at 11–14.) Recruiter similarly testified that Abelson did not direct or control Claimant's work, Client did. (Referee Hr'g Tr. at 8–11.) In *Resource Staffing*, we held that a claimant was not under the direction and control of an employment agency where it was the agency's client who set the claimant's hours and work location, provided the claimant with his daily assignments, and supervised and evaluated the claimant's work. *Resource Staffing*, 995 A.2d at 891–92. Thus, pursuant to *Resource Staffing*, we conclude that the testimony of Claimant and Recruiter is substantial evidence that supports the Board's finding and conclusion that Claimant was not under Abelson's direction and control.

Claimant next asserts that the Board erred in finding that he was an independent contractor because the record is devoid of any evidence that he was *customarily engaged* in an independent trade or business and the Board made no findings of fact or conclusions of law on that issue as required by this Court's decision in *Minelli v. Unemployment Compensation Board of Review*, 39 A.3d 593 (Pa.Cmwlth. 2012). Thus, according to Claimant, Abelson has not met its burden of proving that Claimant was an independent contractor and ineligible for UC benefits pursuant to Sections 4(*l*)(2)(B) and 402(h) of the Law.

In considering the second prong of Section 4(*l*)(2)(B), this Court has examined whether the claimant was able to perform "the activities in question to anyone who wished to avail themselves of the services" and "whether the nature of the business compelled the [claimant] to look to only a single employer for the continuation of such services." *Resource Staffing*, 995 A.2d at 892. As previously mentioned, no single factor is controlling. *Id.* at 890 n. 6. In *Krum v. Unemployment Compensation Board of Review*, 689 A.2d 330, 332 (Pa. Cmwlth.1997) and *Attorneys On Call v. Unemployment Compensation Board of Review*, 155 Pa.Cmwlth. 96, 624 A.2d 754, 756 (1993), this Court held that attorneys who signed independent contractor agreements with attorney referral agencies and had the ability to accept and reject legal assignments were customarily engaged in an independent trade or business and, therefore, were independent contractors, not employees, of their respective agencies. In doing so, we held that the claimants were professionals who held themselves out as being capable of performing their professional services to those who wished to avail themselves of the services. *Krum*, 689 A.2d at 333; *Attorneys On Call*, 624 A.2d at 756. This Court further placed importance on the fact that the claimants were able to "pick and choose" which legal assignments they desired to undertake. *Id.*

The findings of fact made on the second prong were that "[C]laimant was free to accept other projects," "[C]laimant was free to accept or reject assignments," and "[C]laimant's profession as an Attorney is 'free standing.'" (FOF ¶¶ 7–8, 13.) The findings of fact are supported by substantial evidence. Recruiter testified that Claimant was free to accept other projects while working for Client, and Claimant acknowledged that he was free to accept other work while providing legal services to Client. (Referee Hr'g Tr. at 11, 14.)

In addition, the Independent Contractor Agreement, although not dispositive, is an important factor in determining whether an individual is an independent contractor. *Hartman v. Unemployment Compensation Board of Review*, 39 A.3d 507, 511–12 (Pa.Cmwlth.2012). The Independent Contractor Agreement and a separate Waiver of Unemployment Compensation, Workers' Compensation, and Disability Insurance (Waiver), read and signed by Claimant, together clearly state that Claimant acknowledges that he is an independent contractor with Abelson, Claimant's work arrangement with Abelson is "non-exclusive," and Claimant "is free to contract with others for similar services." (Independent Contractor Agreement and Waiver, Abelson Exs. 6 and 7, R. Item 6.) Claimant does not dispute these facts. Like the claimants in *Krum* and *Attorneys On Call*, Claimant registered with an attorney referral agency and, in doing so, "held himself out as capable of performing his services for anyone who wished to avail himself of [those] services." (Referee Op. at 2.) Furthermore, by the terms of the Independent Contractor Agreement, Claimant "was not compelled to look to only a single employer." (Referee Op. at 2.) Therefore, the Board did not err in holding that Claimant was customarily engaged in an independently established trade or business.

Claimant relies on *Minelli* to argue that Abelson did not meet its burden; however, *Minelli* is distinguishable. In *Minelli*, we held, based on *Silver*, that a claimant, who is already receiving UC benefits, is not disqualified as an independent contractor because the claimant subsequently accepts an occasional work offer on an as-needed basis. We stated, in *Silver*, "the fact that an unemployed person agrees to accept, and thereafter does accept, an occasional offer of work is simply not enough to demonstrate that said individual is customarily engaged in an independently established trade, occupation, profession or business." *Silver*, 34 A.3d at 898. The claimant in *Minelli* accepted a brief independent consulting position, which lasted approximately twenty-two hours over a three day period, and the claimant in *Silver* worked on an as-needed basis, which constituted three hours of work over a three-month period. *Minelli*, 39 A.3d at 598; *Silver*, 34 A.3d at 897 & n. 7. Claimant, unlike the claimants in *Minelli* and *Silver*, was not already receiving UC benefits as a result of his separation from his prior employment. Thus, the question is not, as it was in *Minelli* and *Silver*, whether the position with Abelson disqualified Claimant from receiving benefits for which he was already qualified and receiving, but whether the work Claimant performed for Client, via Abelson, is sufficient to grant UC benefits in the first instance. This issue is distinct from that presented in *Minelli* or *Silver*;[4] therefore, we conclude

---

4. We recognized the difference between these inquiries in *Minelli*, in which we stated:

> Like the claimant in *Silver*, [c]laimant was eligible for and actually receiving benefits as the result of the loss of prior employment before she took the three day job with DK Harris. Thus, the question presented here is not whether the work for DK Harris itself would entitle [c]laimant to benefits, but whether it disqualified her from further receipt of the benefits she was already receiving (offset, of course, by the pay she

earned during the week she worked for DK Harris).

*Minelli*, 39 A.3d at 598 n. 7. *See also Silver*, 34 A.3d at 896 n. 7 (stating that the claimant was not seeking benefits because of a separation with the "employer" who provided her intermittent assignments, but was challenging the Bureau of Unemployment Compensation Benefits and Allowances' decision to disqualify her from receiving the benefits she already qualified to receive based on those intermittent assignments).

that those cases are inapplicable in this situation.

Accordingly, the Board's Order is affirmed.

## ORDER

**NOW,** October 3, 2012, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby **AFFIRMED.**