# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Deenis,                         :
                    Petitioner           :
                                         :
          v.                             :    No. 475 C.D. 2019
                                         :    ARGUED: June 9, 2020
Unemployment Compensation Board          :
of Review,                               :
                    Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ELLEN CEISLER, Judge (P.)
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  October 26, 2020**


Nicholas Deenis, Claimant, petitions for review of an order of the Unemployment Compensation Board of Review that affirmed the referee's decision finding him to be an independent contractor and, therefore, ineligible for unemployment compensation benefits under Section 402(h) of the Unemployment Compensation Law (Law).[1]  While the Board's conclusion was in accordance with the law at the time of its adjudication, our Supreme Court has established new standards for evaluating whether a claimant is customarily engaged in an independently established trade, occupation, or business.  *A Special Touch v. Dep't of Labor & Indus., Office of Unemployment Comp. Tax Servs.*, 228 A.3d 489 (Pa. 2020).  Accordingly, we vacate and remand for further consideration by the Board.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h).

Following a hearing at which both parties testified and presented documentary evidence, the referee rendered the following findings of fact:

1. The alleged employer engaged the [C]laimant, a licensed attorney, to perform work under an open-ended contract in the area of banking litigation, something for which his expertise was necessary.

2. At the time his services were engaged, the [C]laimant signed a three-page agreement, "Contract and Per Diem Legal Services Agreement" [Agreement], which states, "The client will not treat attorney as an employee for any purpose."

3. The alleged employer secured the [C]laimant's services through having found his resume online.

4. The [C]laimant was not required to work at any facility of the alleged employer and the locations at which he worked varied.

5. No training was provided to the [C]laimant to perform this service.

6. The [C]laimant's work was not supervised.

7. The alleged employer did not provide equipment or supplies to the [C]laimant.

8. The [C]laimant set the work hours.

9. The rate of compensation was determined by the parties through negotiation.

10. No taxes were withheld from the [C]laimant's remuneration nor were any of his expenses paid.

11. The [C]laimant was free to perform this type of work for others.

12. The [C]laimant performed the service from July 13, 2018, through July 27, 2018, at which point the alleged employer terminated the contact.

13. The total amount of compensation received by the [C]laimant within the period that he provided services was $1,587.50.

(Findings of Fact "F.F." Nos. 1-13.)

Based on the above findings, the referee concluded that Claimant was an independent contractor.[2] The Board affirmed, stating that it considered the entire record and determined that the referee's decision was proper. Thus, it adopted and incorporated the referee's findings of fact and conclusions of law.[3]

On appeal to this Court, Claimant filed a one-paragraph petition for review asserting that the Board's "determination that the Referee's decision was 'proper under the Pennsylvania Unemployment Compensation Law' was erroneous" and that "based on the evidence of record, and the additional evidence to be presented to the Court," Juris Client, LLC (Juris) was his employer.[4] (Apr. 22, 2019, Pet. for Review at 1.) However, Claimant misapprehends the scope of the appellate process in erroneously asserting that he should have the opportunity to present additional evidence to this Court with respect to the correct identity of his presumed employer.[5] In any case, there is neither merit nor relevance to Claimant's assertion

---

[2] The determination of self-employment is not a finding of fact, but a legal conclusion based on the facts of each case. *McKean v. Unemployment Comp. Bd. of Review*, 94 A.3d 1110, 1112 (Pa. Cmwlth. 2014).

[3] The Board is the ultimate finder of fact, "empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine what weight to accord evidence." *Oliver v. Unemployment Comp. Bd. of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010). This Court may not reweigh the evidence. *Id.*

[4] In July 2019, this Court denied the Board's application to quash Claimant's appeal as untimely filed. In support, we referenced a copy of a cancelled United States Postal Service form 3817 showing the mailing date of the appeal.

[5] Within fifteen days following the Board's decision, an aggrieved party may request that the Board reconsider its decision. 34 Pa. Code § 101.111. At that time, the aggrieved party may **(Footnote continued on next page…)**

3

that the referee incorrectly identified the presumed employer.[6]  If one is an employee he will be entitled to benefits no matter who employed him (although, of course, that

_____

request an opportunity to offer additional evidence at another hearing.  The Board will grant reconsideration only under very limited circumstances and, generally, it will not accept additional evidence that the litigant could have presented at an earlier stage.  *Dep't of Auditor Gen. v. Unemployment Comp. Bd. of Review*, 484 A.2d 829, 830 (Pa. Cmwlth. 1984).

Here, Claimant did not file for reconsideration.  Thus, he missed the opportunity, however remote, to present additional evidence to the only decision-making body with authority to accept and to consider it.  This Court exercises only appellate jurisdiction in these matters.  Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed, or whether there is substantial evidence in the record to support the findings of fact.  *Pasour v. Unemployment Comp. Bd. of Review*, 54 A.3d 134, 137 n.3 (Pa. Cmwlth. 2012).  Where we consider the legal question of whether a claimant was an employee or an independent contractor, we exercise plenary review. *Id.*

[6] Claimant argues that the Board should have considered his argument that Juris, as the entity that provided his workspace and paid him, was his employer.  Asserting that Helm was just a front for Juris, Claimant maintains that the Board erred in basing its decision on the Agreement that he signed with Helm.  However, the record reflects that Claimant listed Helm as his last employer and Paul Stewart as owner thereof in documents pertaining to Claimant's unemployment compensation application.  (Certified Record "C.R.," Item No. 2, Claimant Questionnaire; PACFiled Record "P.R." at 10.)  Additionally, Mr. Stewart identified himself as the owner of Helm and presented the Agreement between Helm and Claimant.  (*Id.*, Item No. 8, Employer's Exhibit No. 1; P.R. at 72.)

While it is true that Claimant sometimes worked at Juris's offices and his bank statement indicated a direct deposit from "Corporate ACH [(automated clearing house)] Suppliers Juris Client LLC," these factors did not render Juris Claimant's presumed employer.  (*Id.*, Claimant's Exhibit No. 1; P.R. at 102.)  Mr. Stewart testified that Juris was one of his other businesses and that Claimant occasionally worked there for the sake of their mutual convenience.  There were workstations available at Juris's offices, located one block from a suburban train stop.  (Notes of Testimony "N.T." at 7 and 10; P.R. at 57 and 60.)

Moreover, as part of Mr. Stewart's efforts to ascertain why Claimant did not list Juris as his employer in his application and whether Claimant believed that Juris owed him any money, the following colloquy took place with respect to the significance of having Juris on Claimant's bank statement:

> C [Claimant:]  I don't know the relationship of your entities.  All I
> know is Juris Client LLC paid me, and all I know is I demanded

**(Footnote continued on next page…)**

4

determination matters to the putative employer) and if the claimant is an independent contractor, it makes no difference at all to what entity/ies he provides services.

Obviously, the dispositive issue here is whether the Board erred in determining that Claimant was an independent contractor. Section 402(h) of the Law provides in relevant part that a person is ineligible for unemployment compensation in any week in which he is "engaged in self-employment." 43 P.S. § 802(h). Self-employment is not a defined term under the Law. Thus, courts look to the definition of "employment" set forth in Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B), which provides in relevant part:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that-

---

> payment, and I got paid the exact amount of money that I submitted . . . on the system that you provided . . . .
>
> E [Employer/Mr. Stewart:]  My question is do you have a relationship with Juris Client?
>
> C [Claimant:]  I don't know what the relationship is between Helm, Juris Client, and how it came to be that Juris Client LLC paid me. If you want to explain how it is that Juris Client and Helm decided to have Juris Client send an ACH to my bank, you're free to do that . . . .
>
> . . . .
>
> C [Claimant:]  Listen, *the only thing I can tell you is Legal Helm can have anybody pay me. You could have paid me. Paul Stewart could have paid me*, so . . . .

(N.T. at 19-20; P.R. at 69-70) (emphasis added).

As Claimant opined at the hearing, the identity of the payor is irrelevant in this case. There is no real dispute that Claimant performed services for Helm and/or Mr. Stewart such that the Agreement had to include Juris in order to be valid. Additionally, at the time that Claimant executed the unemployment compensation application documents, he knew that he occasionally had worked at Juris's offices and that Juris appeared on his bank statement. Nonetheless, he listed Helm as his employer.

5

-(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

This Court has consistently held that, before an individual will be declared to be self-employed, both elements of Section 4(*l*)(2)(B) must be satisfied. *Silver v. Unemployment Comp. Bd. of Review*, 34 A.3d 893, 896 (Pa. Cmwlth. 2011). Pursuant to the two-prong test, the Court first examines the degree of control or direction over the work performed, and second, whether the individual is customarily engaged in an independently established trade, occupation, profession, or business. *Jia v. Unemployment Comp. Bd. of Review*, 55 A.3d 545, 548 (Pa. Cmwlth. 2012). An alleged employer asserting that an individual is not eligible for benefits because that person is self-employed bears the burden of proof. *C E Credits OnLine v. Unemployment Comp. Bd. of Review*, 946 A.2d 1162, 1167 (Pa. Cmwlth. 2008). There is a presumption that someone receiving wages is an employee and the alleged employer bears a heavy burden to rebut the presumption. *Jia*, 55 A.3d at 548.

With respect to the "direction and control" prong of the independent contractor test, no single factor is controlling and the ultimate conclusion must be based on the totality of the circumstances. *Pasour v. Unemployment Comp. Bd. of Review*, 54 A.3d 134, 138 (Pa. Cmwlth. 2012). In reviewing this prong, we have considered factors such as whether there was a fixed rate of remuneration; taxes were withheld; the employer provided the tools or training to perform the job; the employer set the time and location of work; and the employer could review the claimant's performance. *C E Credits OnLine*, 946 A.2d at 1168.

In the present case, the findings of fact on the first prong were that Claimant negotiated his compensation and that the alleged employer did not withhold taxes. (F.F. Nos. 9 and 10.) In addition, the alleged employer did not supervise Claimant; provide him with training, equipment, or supplies; or restrict where or when he worked. (F.F. Nos. 4-8.) Accordingly, it is beyond dispute that Helm established that Claimant was not under its direction and control. (Dec. 14, 2018, Hearing, Notes of Testimony "N.T." at 4-8 and 16; PACFiled Record "P.R." at 54-58.)

It is with regard to the second prong, which requires the presumed employer to establish that an individual is customarily engaged in an independently established trade, occupation, profession, or business, that the result is not so clear. With respect to this determination, we have considered factors such as the negotiation of different rates, variable compensation, and responsibility for one's taxes, *Attorneys On Call v. Unemployment Compensation Board of Review*, 624 A.2d 754, 756-57 (Pa. Cmwlth. 1993), as well as the submission of invoices for services rendered, *C E Credits OnLine*, 946 A.2d at 1168. This Court has also held that an independent contractor agreement is not determinative of a claimant's status but is nonetheless an important factor to consider. *Hartman v. Unemployment Comp. Bd. of Review*, 39 A.3d 507, 511-12 (Pa. Cmwlth. 2012). Historically, we have also placed great significance on whether the claimant was *permitted* or *able* to perform "the activities in question to [any others] who wished to avail themselves of the services." *Resource Staffing, Inc. v. Unemployment Comp. Bd. of Review*, 995 A.2d 887, 892 (Pa. Cmwlth. 2010). However, the Pennsylvania Supreme Court recently held that "the phrase 'customarily engaged' requires that an individual actually be involved, as opposed to merely having the ability to be involved, in an

7

independently established trade, occupation, profession, or business[.]" *A Special Touch*, 228 A.3d at 505-06. Such a determination is fact dependent. *Id.* at 505. In other words, it appears that a claimant must actually provide services for others, or at least make plans or some attempt to do so.

Here, the supported findings of fact were that Claimant signed the Agreement providing that the client would not treat him as an employee for any purpose.[7] (F.F. Nos. 2 and 11.) The Agreement also provided for different rates of compensation for different tasks,[8] renegotiation of the agreed-upon rate if the parameters of the work changed, submission of invoices for work completed,[9] and, significantly, a provision that he could work for others.[10] These findings clearly

---

[7] The Board rejected Claimant's assertion that he was unaware that he was signing an independent contractor agreement, reasoning that "an individual with the claimant's legal expertise and obvious intellect would know that his services were being engaged as an independent contractor." (Board's Decision at 2.)

[8] The three rates of compensation included: (1) legal research and writing, discovery documents, and document review ($25/hour); (2) pleadings, court filings, motions, and supporting briefs; for court appearances, oral arguments, and client meetings ($50/hour); and (3) joint representation work product ($100/hour). (C.R., Item No. 8, Employer's Exhibit No. 1 at 2; P.R. at 73.)

[9] The "Payment for Work" provision stated:

> Attorney shall submit all assignments on a timely basis. Each assignment shall have an approved budget from which Attorney will submit request for progress payments based on completed tasks and assignments and for final payment upon completion and acceptance by Client. Attorney shall post hours and work into the on line [sic] accounting system for time tracking including posting work against the proper client matter. Client shall review each submitted request for payment. Client shall make payment within 14 days of receipt of payment request.

(*Id.*)

[10] (N.T. at 7; P.R. at 57.) Here, the record is devoid of evidence that Claimant was holding himself out to do legal work for other clients while working for Helm.

8

would have established that Claimant was self-employed under the controlling case law at the time of the referee's hearing and the Board's decision. However, the criteria for independent contractor status has been modified in relevant part by our Supreme Court's holding in *A Special Touch* but, because that case had not yet been decided, the Board had no opportunity to consider Claimant's case under the new standard. Accordingly, we will remand so that the Board can do so.[11]

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[11] This Court's recent decision in *Silver v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1206 C.D. 2019, filed July 7, 2020), *petition for allowance of appeal filed* (Pa., No. 207 EAL 2020, July 8, 2020), is not to the contrary. As we pointed out in *Silver*, there was a myriad of factors establishing that the claimant was engaged in an independent trade or business, most notably that she was not only capable of working for others, but was in fact providing arbitration services to multiple companies.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Deenis,          :
         Petitioner    :
         :
         v.          :    No. 475 C.D. 2019
         :
Unemployment Compensation Board    :
of Review,          :
         Respondent    :

# **O R D E R**

AND NOW, this 26th day of October, 2020, the order of the Unemployment Compensation Board of Review is hereby VACATED, and the matter is REMANDED to the Board for reconsideration of this case under the standard established in *A Special Touch v. Department of Labor and Industry, Office of Unemployment Compensation Tax Services*, 228 A.3d 489 (Pa. 2020).

Jurisdiction relinquished.

---
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge