581 A.2d 1005

George J. BUCHANAN, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF
REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted July 27, 1990.

Decided Oct. 24, 1990.

Ambrose R. Campana, Campana & Campana, Harrisburg, for petitioner.

Anand K. Rajan, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Petitioner George J. Buchanan (the claimant) appeals an order of the Unemployment Compensation Board of Review (the Board) dated March 29, 1990, which affirmed a referee's decision denying the claimant's request for unemployment compensation benefits.

The facts of the case are undisputed. The claimant was employed by Fracalossi Volkswagen as an assistant finance manager from February 10, 1989 until June 21, 1989, when his employment was terminated for reasons which did not disqualify him from the receipt of unemployment compensation benefits. Subsequently, the claimant, in late August of 1989, bought spools of gold chain to make necklaces and bracelets for sale at a weekly flea market. The referee's decision indicates that the claimant had invested $2,038.00 in tools and supplies with the intent of making a profit.

(Finding of Fact No. 3.) In order to secure a spot at the weekly flea market, the claimant was required to expend $16.00 as rent for his booth. Additionally, the claimant spent one entire week selling bracelets and chains at the Bloomsburg Fair in September of 1989.

The claimant filed an application for unemployment compensation benefits with the Bureau of Unemployment Compensation Benefits and Allowances (the Bureau) and was denied benefits on January 18, 1990, because he was self-employed under Section 402(h) of the Unemployment Compensation Law (the Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h). The claimant filed a timely appeal from that determination and an evidentiary hearing was held before the referee who affirmed the Bureau's decision. The claimant filed an appeal from the referee's determination to the Board, which, in turn, issued an order which affirmed the referee and denied benefits. It is from this final order that the claimant has appealed to this Court.

Thus, the issue before us is whether the referee erred in determining that the petitioner/claimant was engaged in self-employment and is ineligible for benefits. Our scope of review in an unemployment compensation case where the party with the burden of proof has prevailed before the Board is to determine whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. *Watson v. Unemployment Compensation Board of Review*, 88 Pa.Commonwealth Ct. 566, 491 A.2d 293 (1985), citing *Harris v. Unemployment Compensation Board of Review*, 81 Pa.Commonwealth Ct. 260, 473 A.2d 251 (1984). *Geever v. Unemployment Compensation Board of Review*, 65 Pa.Commonwealth Ct. 491, 442 A.2d 1227 (1982). The determination of whether one is or is not self-employed is a question of law subject to our review.

Section 402(h), upon which the referee relied in denying the claimant benefits, provides in relevant part:

An employe shall be ineligible for compensation for any week in which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity ... undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment" as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood....

The term "self-employment" is not statutorily defined. However, Section 4(*l*) of the Law, 43 P.S. § 753(*l*)(1) defines employment as:

(2)(B) Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

This Court has consistently held, and the claimant in this case points out, that before a claimant will be declared to be self-employed, the employer bears the burden of proving both elements of Section (*l*)(2)(B). *Kardon v. Unemployment Compensation Board of Review*, 40 Pa.Commonwealth Ct. 20, 396 A.2d 487 (1979); *Crenshaw v. Unemployment Compensation Board of Review*, 50 Pa.Commonwealth Ct. 136, 412 A.2d 682 (1980). An examination of the facts before us does not leave room for dispute as to requirement (a); the claimant was in fact free from control with respect to his jewelry making at the flea market. It is with the finding concerning (*l*)(2)(B)(b) that we disagree.

■ This Court well recognizes the purpose and thrust behind the enactment of the Law, which is to compensate

those who are unemployed through no fault of their own. *Warden v. Unemployment Compensation Board of Review*, 71 Pa.Commonwealth Ct. 183, 454 A.2d 222 (1983). If one undertakes an activity in an entrepreneurial spirit with all intentions of starting a new business, trade, profession or occupation, he becomes a self-employed businessman. If subsequently his business fails or proves to be unprofitable he does not have the option of falling back upon unemployment compensation benefits because the Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen. *Freas v. Unemployment Compensation Board of Review*, 201 Pa. Superior Ct. 150, 191 A.2d 740 (1963). The Law is clearly not insurance for individual business undertakings.

■ This Court has previously held that a claimant becomes ineligible for benefits once he has taken a positive step toward establishing an independent business. *Roberts v. Unemployment Compensation Board of Review*, 55 Pa.Commonwealth Ct. 52, 422 A.2d 911 (1980). The respondent suggests that the claimant's actions in purchasing tools and spools of chain and the renting of space one day a week at a flea market constitute such positive steps toward the establishment of an independent business that there must be a denial of benefits. We disagree.

■ We believe the situation before us warrants a close examination of the cases in which this Court has held an activity engaged in after separation from full-time employment has been considered self-employment. In *Leary v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 409, 322 A.2d 749 (1974), the Court held that a claimant who had formed a corporation for the purpose of construction of buildings after being laid off from employment, who had elected himself president of the corporation and thereafter entered into an agreement to buy a parcel of land was found to be self-employed and, therefore, ineligible for benefits. The date that self-employment began, the Court said, was the date of incorporation because the act of incorporating was the "only posi-

tive move of Leary in establishing his own business." *Id.*, 14 Pa.Commonwealth Ct. at 412, 322 A.2d at 750.

In addition, the Court in *Balmer v. Unemployment Compensation Board of Review*, 28 Pa.Commonwealth Ct. 568, 368 A.2d 1349 (1977), found that the claimant was precluded from collecting benefits because he was self-employed. Specifically, the claimant, after termination of his full-time job, established an independent elevator servicing business by providing capital for office equipment, advertising and insurance. The claimant, who actively participated in performing services by such business and who also received income for his labor, was found to be self-employed, and, therefore, ineligible for unemployment compensation benefits.

The court again found a claimant to be ineligible for benefits in *Alick v. Unemployment Compensation Board of Review*, 194 Pa.Superior Ct. 28, 166 A.2d 342 (1960), where, subsequent to separation from his regular job, the claimant "entered the field of self-employment as an air conditioner serviceman, advertising his services, and listing the same in the telephone book." *Id.*, 194 Pa.Superior Ct. at 29, 166 A.2d at 343.

Moreover, we held that the claimants in *Kirk v. Unemployment Compensation Board of Review*, 57 Pa.Commonwealth Ct. 92, 425 A.2d 1188 (1981) could not receive benefits due to their self-employment. The claimants in that case, after separation from employment, received a business loan from a bank for the purpose of starting a landscaping business, purchased a tractor and signed a contract to begin subcontracting jobs. We found the claimants to be self-employed as of the time of the approval of the bank loan because this act was the requisite positive step in embarking upon an independent business venture.

Although the cases discussed above are not all inclusive, they indeed are representative and provide us with a framework in which to analyze the case at bar.

The claimant in this case did not form a corporation for the purpose of selling jewelry. He did not advertise, list a

telephone number for this alleged business nor did he obtain insurance for his activity. The claimant testified at the hearing before the referee that he had no intent to sell jewelry at the flea market on a permanent basis; the activity was one on the side to make some extra money. If the facts of this case had been that the claimant was selling jewelry on a more consistent basis, or that he was moving from flea market to flea market or was selling also out of his home, we would be more apt to find that he had embarked on an independent business venture. We decline, however, to find that the act of setting up a booth at a weekly flea market constitutes customary engagement in an independently established trade, occupation, profession or business under Section 4($l$)(2)(B) of the Law.

In light of the above discussion, we hold that the referee's conclusion, which was affirmed by the Board, that the claimant is ineligible for unemployment compensation benefits due to self-employment is in error as a matter of law. We, therefore, reverse the Board's order.

## ORDER

NOW, October 24, 1990 the Decision and Order of the Unemployment Compensation Board of Review, dated March 29, 1990, at No. B–281076, is hereby reversed.

DOYLE, Judge, dissenting.

The majority correctly sets forth the relevant law but in my view commits error in applying the facts of this case. The narrow question we must decide is whether the activities Claimant engaged in constituted customary engagement in an independently established trade, occupation, profession or business. First, I must disagree with the majority's conclusion that the purchasing of tools and spools of chain and the renting of space one day a week at a flea market did not constitute a positive step toward the establishment of an independent business. It is undisputed that Claimant spent over $2,000.00 buying the equipment for his business, went through the trouble of leasing space,

and actually sold jewelry. To me this is more than a positive step; it is the conduct of the business itself.

Second, the majority bases its decision upon the facts that Claimant did *not* form a corporation, did *not* advertise or list a telephone number for his business, did *not* obtain insurance, and did *not* intend to sell jewelry on a permanent basis. While all of this may be true, those negative facts alone are not dispositive. The law does not require that Claimant conduct any of the above-listed activities in order to engage in an independent business. It requires only that he take a "positive step" towards conducting the business. Because I would conclude that he had taken such a step, and indeed had done far more than that, I would affirm the Board's order.