Shawna McKEAN, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 11, 2014.
Decided June 27, 2014.

Philip K. Miles, State College, for petitioner.

Shawn Westhafer, Assistant Counsel, Harrisburg, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and MARY HANNAH LEAVITT, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

Shawna McKean (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) imposing a fraud overpayment and penalty because it concluded that she had received unemployment compensation to which she was not entitled. In doing so, the Board affirmed the Referee's decision that Claimant had undertaken to establish a counseling profession while collecting unemployment benefits. Claimant contends that she did minimal counseling while collecting unemployment benefits, but this did not make her self-employed. We reverse and remand.

Claimant's initial claim for unemployment benefits was opened on May 29, 2011, at a point when she worked in "guest relations" on an as needed basis. In December of 2011, Claimant became licensed as a professional counselor, and on February 20, 2012, she began working for Saint Joseph Institute, Inc. as an addiction counselor. On March 22, 2012, Claimant was discharged because she was "not a good fit" for the institution. Certified Record Item No. 2 at 3 (C.R. ——). From September 4, 2012, to October 3, 2012, Claimant worked for Clear Concept Counseling but was discharged for lack of work. Claimant then applied for emergency unemployment compensation (EUC) benefits, which she collected until May 18, 2013, when they were exhausted.

On June 2, 2013, Claimant informed the UC Service Center that during the months of March and April of that year she had provided five private counseling sessions to a single client, for which she had been paid $90.00 per session. She also informed the UC Service Center that on May 31, 2013, she purchased used office furniture, consisting of office chairs and a printer. On June 2, 2013, she printed up business cards and brochures in the hopes of establishing a counseling practice.

In response, the UC Service Center determined that Claimant began her counseling practice on March 6, 2013, on which date she became self-employed and ineligible for EUC benefits by reason of Section 402(h) of the Unemployment Compensation Law (Law).[1] The UC Service Center issued a second determination that Claimant received a fault overpayment of $5,006 in benefits from March 9th through May 18th; Claimant was ordered to repay that amount. Finally, the UC Service Center issued a third determination that assessed a 13-week penalty period upon Claimant.

Claimant appealed the three determinations, and a hearing was held before a Referee. Claimant was the sole witness.[2] She explained that she had applied for numerous counseling jobs and knew her unemployment would soon be running out. Out of desperation she set up an office in her home, spending $75 on chairs; $195 on a printer; and $75 on brochures and business cards. She had met with one client while collecting unemployment. By the date of the hearing, she had two more paying clients and one *pro bono* client. She was also working as a counselor at a crisis intervention center. Her hours at the crisis intervention center varied.

Claimant testified that she had been afraid to report her income from the five private counseling sessions because she knew it would reduce her unemployment benefits; she needed the money. In June,

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h). Section 402(h) provides that "[a]n employe shall be ineligible for compensation for any week ... [i]n which he is engaged in self-employment [.]" *Id.*

2. The hearing was brief; the transcript is six pages in length.

however, she reported the income as a matter of conscience.

The Referee found that Claimant opened an individual counseling practice in her home as of March 6, 2013, the date she saw her first client. The Referee found that Claimant's purchase of office equipment and business cards and brochures demonstrated her intent to set up a professional office. After March 6, 2013, Claimant received $5,006 in EUC benefits to which she was not entitled. The Referee also found that Claimant deliberately chose not to report her income in order to continue these benefits. Accordingly, the Referee imposed a fraud overpayment of $5,006 and a 13–week penalty.

Claimant appealed to the Board. The Board adopted the Referee's findings of fact and conclusions of law, and it affirmed without further analysis. Claimant petitioned for this Court's review.[3]

On appeal, Claimant raises two issues. First, she contends that the five counseling sessions in March and April were too minimal to support a finding of self-employment. Second, she contends that the law on self-employment is too complex to authorize the imposition of a fault overpayment.

█ "Self-employment" is not defined in the Law. Courts look to the definition of "employment" in Section 4($l$)(2)(B) of the Law, which states as follows:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from

control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753($l$)(2)(B). In order for an individual to be deemed self-employed, both prongs of Section 4($l$)(2)(B) of the Law must be satisfied. *Silver v. Unemployment Compensation Board of Review*, 34 A.3d 893, 896 (Pa.Cmwlth.2011). Normally the employer has the burden of proving self-employment. *Id.* at 896 n. 7. However, where "the [Unemployment] [B]ureau initiates proceedings that result in a suspension of benefits because of self-employment, the [B]ureau carries the burden." *Id.*

█ At the outset, the Board argues that because Claimant failed to challenge any of the Referee's specific factual findings, they are binding on appeal. *See Campbell v. Unemployment Compensation Board of Review*, 694 A.2d 1167, 1169 (Pa. Cmwlth.1997) (where a claimant does not challenge any specific findings of fact they are conclusive on appeal to this Court). However, the determination of self-employment is not a factual finding; rather, it is a conclusion of law. *Frimet v. Unemployment Compensation Board of Review*, 78 A.3d 21, 25 (Pa.Cmwlth.2013) (whether a "claimant is self-employed is a question of law subject to plenary review"). The question in this appeal is whether the Board's factual findings support its legal conclusion that Claimant became self-employed on March 6, 2013.[4]

---

**3.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law occurred, or whether the factual findings are supported by substantial evidence of record. *Lello v. Unemployment*

*Compensation Board of Review*, 59 A.3d 1153, 1156 (Pa.Cmwlth.2013).

**4.** The Board contends that Claimant did not raise the issue of whether her counseling services were too minimal to constitute self-em-

■ In Claimant's first issue, she contends that her provision of five counseling sessions to a single client does not support the conclusion that she was self-employed. In support, she cites to *Buchanan v. Unemployment Compensation Board of Review*, 135 Pa.Cmwlth. 567, 581 A.2d 1005 (1990); *Teets v. Unemployment Compensation Board of Review*, 150 Pa.Cmwlth. 419, 615 A.2d 987 (1992); and *Silver*, 34 A.3d 893.

In *Buchanan*, the claimant was terminated from his assistant manager position at an automotive dealership. While receiving unemployment benefits, he purchased spools of gold chain to make necklaces and bracelets for sale at a weekly flea market. The claimant invested approximately $2038 for supplies and the rental of a booth at the flea market. As a result of this venture, the Bureau determined he was self-employed. This Court disagreed. We noted that the claimant did not form a corporation, advertise, or obtain insurance. The claimant testified that he did not intend to sell jewelry at the flea market as his permanent source of employment. Rather, he was trying to earn extra money, which did not consist of a "customary engagement in an independently established trade, occupation, profession or business." *Buchanan*, 581 A.2d at 1009.

In *Teets*, the claimant was receiving unemployment compensation benefits when she attended a presentation during which a skin care company "presented information about skin care products and solicited those in attendance to join in a pyramidal sales program." *Teets*, 615 A.2d at 988. The claimant signed an agreement to distribute the products and enlist others, and she purchased a sales kit for $250. She succeeded in earning a total of $6 from this venture. Concluding she was self-employed, the Bureau terminated her unemployment benefits. This Court reversed, noting that there was no evidence regarding the amount of time the claimant put into the enterprise, or that she had incorporated or advertised.

In *Silver*, the claimant was furloughed from an online map company. While collecting unemployment benefits, the claimant began working for another company on an as-needed basis. Her job duties included submitting information to the company's website and doing telephone consultations with clients with respect to wireless navigational systems. Over the course of three months, she performed four hours of work and was paid $375 per hour. When the claimant reported the income, the Bureau terminated her benefits, finding that she was self-employed. Before this Court, the claimant argued that her activities were *de minimis* and did not demonstrate that she was customarily engaged in an independently established trade, occupation, profession or business. We agreed, noting that "the fact that an unemployed person agrees to accept, and thereafter does accept, an occasional offer of work" does not demonstrate a commitment to self-employment. *Silver*, 34 A.3d at 898.

We further explained that the Bureau had the burden of proving that a claimant has established an independent business on a permanent basis, as opposed to "on the side to make extra money." *Id.* The relevant factors are "the level of time and effort the claimant put into the project." *Id.* That evidence was lacking in *Silver*. Accordingly, the Bureau did not prove that the claimant had established an indepen-

---

ployment in her appeal to the Board. In her appeal, Claimant challenged the self-employment determination by claiming that "it is unreasonable to repay $5006.00 when $450.00 was temporarily unclaimed." C.R., Item No. 10. We conclude that this argument subsumes the claim that the amount was too minimal to constitute self-employment.

dent business, as opposed to a sideline venture.

The Board contends that *Buchanan, Teets* and *Silver* are distinguishable. Here, Claimant took positive acts to establish an independent business. She became licensed as a professional counselor; purchased business equipment; and solicited referrals for clients. The Board argues that this evidence established that Claimant intended to form an independent business on a permanent basis. We disagree because none of these findings contain dates, which were necessary in order for the Bureau to prove that Claimant became self-employed on March 6, 2013.

The only evidence at the hearing was that presented by Claimant. It showed that Claimant became licensed as a professional counselor in December 2011 and thereafter took a full-time counseling position with an employer. In response to the Referee's questions, Claimant testified that she purchased office equipment. She was not asked when this occurred. On the questionnaire that she submitted to the UC Service Center, she stated that the purchases were made on May 31, 2013, after her EUC benefits expired on May 18, 2013. C.R. Item No. 2 at 4. Likewise, Claimant did not purchase business cards and brochures until June 2, 2013. C.R. Item No. 2 at 5. The Board's factual findings about Claimant's investments, which lack any dates, do not establish that Claimant established a professional office on March 6, 2013.

During the period of time she was still receiving EUC benefits, Claimant saw one client, for a total of five hours over a two month period. This evidence is likewise insufficient to support a determination that Claimant intended to establish an independent business on March 6, 2013, as opposed to looking for a way to make extra money.

In sum, the facts, as found do not support the Board's conclusion of law that Claimant became self-employed on March 6, 2013. The uncontroverted evidence shows that Claimant became self-employed on June 1, 2013. The Unemployment Bureau failed to meet its burden of proof that Claimant became self-employed on March 6, 2013.

██ In her next issue, Claimant asserts that she should be excused for not reporting her income promptly because of the complexity of the law. She claims that any overpayment should be deemed nonfault.

The Board counters that Claimant was aware that she had to report the income. Before the Referee, Claimant admitted that she knew she had to report her earnings, but was afraid that if she did, she would lose her unemployment benefits. Therefore, she waited until her benefits expired in June to disclose her income. We agree.

Claimant was receiving EUC benefits. Section 4005 of the EUC Act of 2008 states:

(a) In general.—If an individual knowingly has made, or caused to be made by another, a false statement or representation of a material fact, or knowingly has failed, or caused another to fail, to disclose a material fact, and as a result of such false statement or representation or of such nondisclosure such individual has received an amount of emergency unemployment compensation under this title [this note] to which such individual was not entitled, such individual—

(1) shall be ineligible for further emergency unemployment compensation under this title in accordance with the provisions of the applicable State unemployment compensation law re-

lating to fraud in connection with a claim for unemployment compensation; and

(2) shall be subject to prosecution under section 1001 of title 18, United States Code.

(b) Repayment.—In the case of individuals who have received amounts of emergency unemployment compensation under this title to which they were not entitled, the State shall require such individuals to repay the amounts of such emergency unemployment compensation to the State agency, except that the State agency may waive such repayment if it determines that—

(1) the payment of such emergency unemployment compensation was without fault on the part of any such individual; and

(2) such repayment would be contrary to equity and good conscience.

26 U.S.C. § 3304 note. Because Claimant chose not to disclose her counseling income to the UC Service Center, she was properly assessed a fault overpayment.

For these reasons, we reverse the Board's adjudication and remand the matter for a recalculation of the amount of Claimant's overpayment and penalty assessment. Claimant can be assessed for the five weeks where she failed to report additional income, if such additional income is determined to have resulted in an overpayment.

### ORDER

AND NOW, this 27th day of June, 2014, the order of the Unemployment Compensation Board of Review, dated September 6, 2013, in the above-captioned matter is hereby REVERSED and this matter REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.