OPINION BY PRESIDENT JUDGE LEAVITT[2] Donald Lowman (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that affirmed the Referee’s decision that Claimant was ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law).[3] The Board concluded that Claimant’s work as an Uber driver constituted self-employment that rendered him ineligible for unemployment compensation for which he was otherwise entitled by reason of losing his job as a behavioral health specialist. Because the Department of Labor and Industry (Department) did not demonstrate that Claimant intended to enter into an independent business venture by becoming an Uber driver, we conclude that he remains eligible for benefits as a matter of law.[4] Accordingly, we reverse the Board’s April 22, 2016, order and remand for further proceedings. Claimant was employed as a behavioral health specialist by Resources for Human Development (Separating • Employer). When he lost his job, he filed a claim for unemployment compensation benefits, effective June 14, 2015. While awaiting a determination, Claimant entered into a software license and online service agreement (Agreement) with Raiser, LLC, which is a wholly-owned subsidiary of Uber Technologies, Inc. (Uber). In accordance with the terms of the Agreement, Claimant provides transportation to customers who request rides through Uber’s mobile phone application. Claimant started providing these services through Uber on July 1, 2015. On August 17, 2015, the UC Service Center determined that Claimant was not entitled to benefits notwithstanding the loss of his job with Separating Employer. The UC Service Center concluded that Claimant’s enterprise as an Uber driver rendered him ineligible. Claimant appealed. At the hearing before the Referee, Claimant and Jordan Holtzman-Conston, a senior operations manager for Uber, testified. The parties also submitted documentary evidence into the record, including a copy of the Agreement and correspondence between Claimant and Uber. By decision and order dated October 30, 2015, the Referee affirmed the UC Service Center’s decision. The Referee concluded that Claimant was self-employed as an Uber driver, and this disqualified him from receiving benefits as a result of his loss of employment with Separating Employer. Claimant appealed to the Board, and it affirmed the Referee. Subsequently, the Board granted reconsideration, and it reaffirmed its adjudication on April 22, 2016. The Board reasoned that Section 4(Z)(2)(B) of the Law requires that two criteria be satisfied for a claimant to be considered self-employed: (1) the claimant must be free from control or direction in the performance of his service; and (2) the claimant must be customarily engaged in an independently established trade, occupation or business. 43 P.S. § 753(1)(2)(B). The Board concluded that Claimant’s work with Uber satisfied both prongs of the test because Claimant used his own mobile phone and vehicle; paid for the vehicle maintenance and fuel; was required to carry insurance, a driver license, and vehicle registration; and set his own hours. Claimant was able to accept or refuse assignments from Uber and allowed to drive for others. The Board found that Claimant worked “most days during his relationship with Uber” and was paid approximately $350 per week, which showed that his driving history with Uber was “frequent and prolonged, rather than occasional and limited.” [5] Board Adjudication (4/22/2016) at 4. “Considering the entire record,” the Board concluded that Claimant is “self-employed and not just trying to earn some extra money on the side.” Id. Claimant now petitions for this Court’s review.[6] On appeal,[7] Claimant -argues that the Board erred. He maintains that he is not an “independently established commercial driver,” emphasizing that his position with Separating Employer was in the behavioral health field. Claimant’s Brief at 31. Claimant argues that the record is devoid of evidence that he “took any steps to hold himself out as a commercial driver or prepare for a commercial driving business.” Id. For the following reasons, this Court agrees. At the outset, we note that the Law was enacted to provide a safety net for persons who become unemployed “through no fault of their own.” Section 3 of the Law, 43 P.S. § 752. Unemployment compensation benefits are available to employees, but not to business owners, such as a sole proprietor, because the Law “is not a vehicle to be used to compensate persons who suffered from a failed business venture.” Owoc, 809 A.2d at 443. Section 402 of the Law, which lists multiple grounds by which an employee can be found ineligible for unemployment compensation, states in relevant part, as follows: An employe shall be ineligible for compensation for any week— ■ ⅝ ⅝ (h) In which he is engaged in self-employment[.] 43 P.S. § 802(h). The Law does' not define “self-employment.” However, Section 4(l)(2)(B) of the Law defines “employment” as: Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the [Department] that — (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business. 43 P.S. § 753(l)(2)(B). Courts refer to Section 4'(0(2)(B) to construe ineligibility under Section 402 of the Law. Stated otherwise, we use the two-prong test to determine whether an applicant for unemployment benefits was an employee or independent contractor at the time of separation from employment. The separating employer who' asserts that the claimant is ineligible for benefits by reason of “self-employment” bears the burden of proving that the. claimant’s relationship with the separating employer was that of an independent • contractor, not an employee. Pasour v. Unemployment Compensation Board of Review, 54 A,3d 134, 137 (Pa. Cmwlth. 2012). It is necessary for the separating employer to prove both of the elements of Section 4(Z)(2)(B) to rebut the presumption that one who performs services for wages is an employee. Minelli v. Unemployment Compensation Board of Review, 39 A.3d 593, 596 (Pa. Cmwlth. 2012). Á claimant who is entitled to unemployment compensation from his separating employer may lose his compensation if he takes a positive step toward establishing an. independent business. For example, in Buchanan v. Unemployment Compensation Board of Review, 135 Pa.Cmwlth. 567, 581 A.2d 1005 (1990), the claimant lost his full-time employment as an assistant finance manager and began collecting unemployment compensation benefits.. Thereafter, the claimant began selling jewelry at a weekly flea market.- In reversing the Board’s denial of benefits, this Court- explained: If one undertakes an activity in an entrepreneurial spirit with all intentions of starting a new business, trade, profession or occupation, he becomes a self-employed businessman. If subsequently his business fails or proves to be unprofitable he does not have the option of falling back upon unemployment compensation benefits because the Law was not enacted to compensate individuals who fail in their business ventures and become unemployed businessmen .... The Law is clearly not insurance for individual business undertakings; Id. at 1008 (emphasis added). Despite the fact that the claimant in Buchanan had purchased tools and spools of chain and rented a booth at the flea market, this Court concluded that he did not take “a positive step”,toward establishing a business. Id. at 1009. In so holding, this Court distinguished the holding in Buchanan from our previous decisions in Leary v. Unemployment Compensation Board of Review, 14 Pa. Cmwlth. 409, 322 A.2d 749 (1974) (laid-off claimant formed a corporation for construction business and elected himself president); and Balmer v. Unemployment Compensation Board of Review, 28. Pa. Cmwlth. 568, 368 A.2d 1349 (1977) (claimant, after separation from employment, established elevator servicing business by providing capital for office equipment, advertising, and insurance). In contrast to Leary and Balmer, the claimant in Buchanan did not form a business entity for selling jewelry; did not advertise or list his phone number for the alleged business; and did not obtain insurance for his activity. His actions supported his claim that he had no intent to sell jewelry on a permanent basis but, rather, to make extra money on the side. Buchanan, 581 A.2d at 1009. Similarly, in Teets v. Unemployment Compensation Board of Review, 150 Pa. Cmwlth. 419, 615 A.2d 987 (1992), this Court held that a claimant who participated in a sales program with a skin care company after she was terminated from her full-time job as an account executive did not become ineligible by reason of self-employment under Section 402(h) of the Law. There, the claimant signed a distributor agreement, invested $250 in a sales kit and made efforts to enlist others in the sales program. We concluded that her actions constituted a "sideline activity.” Id. at 990. Stated otherwise, because the Department failed to present any evidence on the time and effort she put into the project, it did not meet its burden of proving that the claimant intended to start a new business or occupation. Id, (analogizing Buchanan, 581 A.2d at 1009). In the case sub judice, the Board concluded that Claimant was self-employed under his agreement with Uber and, thus, disqualified from receiving unemployment benefits under Section 402(h) of the Law. Using the two-part test in Section 4(l)(2)(B) of the Law, the Board focused on Claimant’s relationship with Uber and the degree of dependence between the two. The Board found that Claimant was not connected to Uber in a subordinate manner or dependent upon Uber’s transportation services; rather, he could refuse assignments and was permitted to provide similar services for other entities. This analysis misses the mark. The issue here is the same one before the Court in Buchanan and Teets, which is whether Claimant, by driving for Uber after losing his position in the behavioral health field, lost his eligibility for unemployment compensation benefits by becoming self-employed. Applying the two-part test in Section 4(1 )(2)(B) of the Law in this context, as the Board did here, frames the analysis as “an either/or situation, ie., whether [Claimant] is either self-employed or is an employee of [Uber].” Training Associates, 101 A.3d at 1232. However, Uber is .not the separating employer named in Claimant’s benefit claim; Claimant’s employment relationship with Uber, therefore, is not an issue for this Court to consider.[8] Claimants who are receiving unemployment compensation benefits after separating from employment often engage in temporary assignments to supplement their income or to assist them in finding a full-time employer. These assignments do not render a claimant ineligible for unemployment benefits. However, earnings must be reported and will reduce the amount of a claimant’s weekly benefit where the remuneration exceeds “his partial benefit credit.” Section 404 of the Law, 43 P.S. § 804(d)(1). This Court has observed that claimants undertaking such assignments are not self-employed for unemployment compensation purposes. See, e.g., Minelli, 39 A.3d 593. Further, claimants “should be commended for their effort to again become gainfully employed in a permanent, full-time position.” Training Associates, 101 A.3d at 1232. In Minelli, this Court held that a claimant who has been receiving benefits does not become disqualified because the claimant accepted work on an as-needed basis. Minelli, 39 A.3d at 597-98. We stated, in Silver v. Unemployment Compensation Board of Review, 34 A.3d 893 (Pa. Cmwlth. 2011), that “the fact that an unemployed person agrees to accept, and thereafter does accept, an occasional offer of work is simply not enough to demonstrate that said individual is customarily engaged in an independently established trade, occupation, profession or business.” Id. at 898. Short-term work, including self-employment, in which a claimant engages after losing his job, does not render the claimant ineligible for unemployment compensation benefits under Section 402(h) of the Law.[9] Accordingly, whether the claimant performs this work as an employee or independent contractor is not a relevant inquiry. For these reasons, we hold that the Board erred by framing the analysis as an “either/or situation” under Section 4(l)(2)(B) of the Law. As in Buchanan and Teets, the question here is whether Claimant took a positive step to embark on an independent trade or business, thereby disqualifying himself for benefits. The Department did not offer any evidence in that regard. See Training Associates, 101 A.3d at 1234 (“[wjhere the Department has initiated the proceeding that resulted in a suspension of [unemployment] benefits because of self-employment, it carries the burden[.]”). Concluding Claimant was self-employed, the Board found that he earned approximately $350 per week from driving for Uber; used his own mobile phone and vehicle; paid for vehicle maintenance and fuel; was required to carry insurance, a driver license, and vehicle registration; and set his own hours. Uber permitted Claimant to drive for other ridesharing entities, and Claimant was able to accept or refuse assignments. These findings, which focused solely on Claimant’s relationship with Uber, do not reflect “a positive step” toward establishment of an independent business. Buchanan, 581 A.2d at 1008. The Department presented no evidence to show the “level of time and effort” Claimant put into his alleged “business.” Teets, 615 A.2d at 990. Claimant did not have business cards or advertise his driving services independent of Uber. Board Adjudication at 2; Finding of Fact No. 15. Simply, his actions did not reflect “an entrepreneurial spirit” or “intentions of starting a new business [or] trade.” Buchanan, 581 A.2d at 1008. For the foregoing reasons, we conclude that the Board erred in determining that Claimant was disqualified for benefits under Section 402(h) of the Law. Accordingly, we reverse the Board’s adjudication and remand for further proceedings before the Referee to calculate the unemployment benefits owed to Claimant, taking into account any offset for his earnings from Uber.[10] ORDER AND NOW, this 24th day of January, 2018, the order of the Unemployment Compensation Board of Review dated April 22, 2016, in the above-captioned matter is hereby REVERSED. The case is REMANDED to the Board with specific instructions to further REMAND to the Referee for further proceedings consistent with this opinion. Jurisdiction relinquished. . This case was reassigned to the opinion writer on December 5, 2017. . Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(h). In relevant part, Section 402(h) provides that "an employe shall be ineligible for compensation for any week in which he is engaged in self-employment....’’ 43 P.S. § 802(h). . Normally, the separating employer bears the burden of proving that a claimant is ineligible for unemployment benefits, "but where the Department has initiated the proceedings that resulted in a suspension of UC benefits because of self-employment, it carries the burden[.]” Training Associates Corp. v. Unemployment Compensation Board of Review, 101 A.3d 1225, 1234 (Pa. Cmwlth. 2014). The UC Service Center denied Claimant benefits because of his work as an Uber driver; Uber is not Claimant’s separating employer. Accordingly, the Department became the real party in interest and instituted the proceeding sub judice. Consistent with Training Associates Corp., 101 A.3d at 1231, the Department bore the burden of proving that Claimant is ineligible for unemployment compensation. . The Department does not contend that Claimant's work as an Uber driver rendered him not available for suitable work. Section 401(d) of the Law states that ''[cjompensation shall be payable to any employe who is or becomes unemployed and who ... (d) Is able to work and available for suitable work....” 43 P.S. § 801(d). The record shows that Claimant set his schedule and usually chose to accept driving requests in the evenings or late at night. Certified Record (C.R.), Item 7, Claimant Exhibit 4, 5, 6; C.R., Item 2, Claimant Employment Status Questionnaire. . Our scope of review is to determine whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial competent evidence. Seton Company v. Unemployment Compensation Board of Review, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995). In unemployment compensation proceedings, the Board is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. Owoc v. Unemployment Compensation Board of Review, 809 A.2d 441, 443 (Pa. Cmwlth. 2002). Findings made by the Board are conclusive and binding on appeal if the record, examined as a whole, contains substantial evidence to support the findings. Id. .Uber has intervened in this appeal. Neither the Board nor Separating Employer has participated. . Although Uber has intervened in this appeal, its intervention does not change the issue before this Court. . Our precedent holds that under Section 402(h) a claimant engaged in self-employment while working for his separating employer can continue this sideline work after separation and still be eligible for benefits. See La-Chance v. Unemployment Compensation Board of Review, 987 A.2d 167, 171 (Pa. Cmwlth. 2009) (citing Moshos v. Unemployment Compensation Board of Review, 77 Pa. Cmwlth. 493, 466 A.2d 258, 259 (1983)). However, where the claimant makes a "substantial change” to his sideline activity and turns it into a full-time business, he may become ineligible for unemployment benefits. Id. This proviso in Section 402(h) of the Law is not applicable here because Claimant did not enter into the Agreement with Uber until after he lost his job with Separating Employer. Section 402(h) of the Law states: An employe shall be ineligible for compensation for any week- * * * (h) In which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in "employment” as defined in this act and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood [[Image here]] 43 P.S. § 802(h) (emphasis added). The central directive in Section 402(h) is that the employee collecting unemployment compensation must be available for full-time work notwithstanding “continued participation ... during a period of unemployment in any activity. ..." Id. There is little question that Claimant “is able and available for full-time work,” and the Department does not claim otherwise. The Board found that Claimant worked "most days.” Board Adjudication, (4/22/2016), at 4. The certified record shows that Claimant drove for Uber at different times of the day, often in the evenings or late at night. C.R., Item 7, Claimant Exhibit 4, 5, 6. For example, on August 1, 2015, Claimant did trips from 12:13 a.m. to 3:05 a.m. and later that day from 4:21 p.m. to 7:54 p.m. Id., Claimant Exhibit 4. Claimant simply notifies Uber electronically whenever he wants to make himself available to provide rides. . The Board found Claimant “earned” approximately $350 per week, but the record shows only what he was paid. To know what he "earned” would require information about his expenses, which is not of record. Section 404(d)(1) of the Law authorizes a reduction to an employee’s "weekly benefit rate” that exceeds his “partial benefit credit.” 43 P.S. § 804(d)(1).