# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Piotr Kaminski, :
                Petitioner :
:
             v. : No. 64 C.D. 2019
: SUBMITTED: November 14, 2019
Unemployment Compensation Board :
of Review, :
                Respondent :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: December 12, 2019**


      Claimant Piotr Kaminski petitions for review of the Unemployment Compensation Board of Review's (Board) decision and order affirming the decision of a referee (Referee) that he was ineligible for benefits starting the week of November 11, 2017 and was liable for repayment of a fault overpayment of benefits received in the amount of $11,683. For the reasons that follow, Claimant's position is without merit and therefore we affirm.

      Claimant, formerly a seasonal employee of Arrow Pool Service Company (Arrow Pool), applied to the Department of Labor and Industry (Department) for unemployment benefits on November 5, 2017, with a waiting week ending date of November 11, 2017. The Department issued two determinations, (1) denying benefits under Section 402(h) of the Unemployment Compensation Law[1]

---

[1] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h).

(Law) and (2) establishing an $11,683 fault overpayment under Section 804(a) of the Law, 43 P.S. § 874(a). Claimant appealed these determinations to a Referee, who held a hearing at which Claimant, represented by counsel, testified. The Referee issued a decision and order affirming the Department's determinations, which Claimant appealed to the Board.

The facts as found by the Board (Board Op., Findings of Fact "F.F." 1-17) are as follows. Claimant was a seasonal employee of his former employer, Arrow Pool since 2006, but considered opening his own business if he could not negotiate better benefits with his employer. On October 6, 2017, Claimant and his 50% partner filed with the Pennsylvania Department of State documentation to form Delta Pool Service, LLC (Delta), effective February 1, 2018. On November 1, 2017, Delta applied for an employee identification number (EIN) from the Internal Revenue Service (IRS). On November 1, 2017, Arrow Pool laid off Claimant for lack of work. Effective November 5, 2017, Claimant applied for unemployment compensation benefits. Claimant knew that taking steps to establish a business would jeopardize his receipt of benefits, but did not notify the Department that he had taken steps to establish a business. Delta received its EIN on November 8, 2017. On January 16 or 17, 2018, Claimant told Arrow Pool that he was considering starting a business. On February 1, 2018, Delta opened a bank account. On March 9, 2018, Delta purchased a van. In late March 2018, Delta acquired a dedicated telephone number. In April 2018, Delta invested approximately $1,000 in pumps, filters, heaters, chemicals, and flyers; advertised on the internet and by distributing flyers; and began to operate by cleaning pool covers and opening pools for customers and receiving payment for those services. Claimant worked full time for Delta after it began to operate. Claimant did not notify the Department of his ownership in or

2

work for Delta until April 17, 2018. For the weeks ending November 11, 2017, through April 7, 2018, Claimant filed claims for and received $11,683 in benefits.

Based upon the above findings, the Board determined that Claimant was self-employed before the period at issue when benefits were paid, the week beginning November 11, 2017. The Board further determined that because Claimant did not notify the Department of the business he was operating, he was at fault for receiving these benefits and must repay them under Section 804(a) of the Law.

On appeal to this Court, Claimant largely argues that the Board did not accept his version of the facts and incorrectly interpreted the Law.[2] With respect to the certificate of organization for Delta filed with the Department of State on October 6, 2017, Claimant notes that the effective date of formation was February 1, 2018.[3] Claimant contends that it was his plan to approach Arrow Pool to seek increased pay and additional benefits for the 2018 season, and that if he was successful in those negotiations, he would abandon his newly formed limited liability company and continue with Arrow Pool. However, following a meeting with his supervisor at Arrow Pool in mid-January 2018, it became clear that he would not receive the additional pay or benefits he sought. Still, Claimant maintains that he was "nervous about his likelihood of success and was still not fully committed to the prospect of opening his own business." (Claimant Br. at 9.) Claimant also challenges a finding of fact of the Board, that "On March 9, 2018, Delta purchased a van." (F.F. 10.)

---

[2] The Board is the ultimate finder of fact "empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded evidence." *Oliver v. Unemployment Comp. Bd. of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010). This Court may not reweigh the evidence. *Id.*

[3] Claimant acknowledges that he attempted to open a business bank account prior to February 1, 2018, but that the bank refused because there was no legal entity in existence to open the account. (Claimant Br. at 9.)

3

Claimant claims that the vehicle purchase was in his own name and for his personal use. Alternatively, Claimant asserts that if it is found that he was self-employed, such self-employment only began in February 2018, when he opened a bank account.

Section 402(h) of the Law provides in relevant part that a person is not eligible for unemployment compensation in any week in which he is "engaged in self-employment." 43 P.S. § 802(h). Self-employment is not a defined term under the Law. Thus, courts look to the definition of "employment" provided by Section 4(*l*)(2)(b) of the Law, 43 P.S. § 753(*l*)(2)(B),

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

This Court has consistently held that, before a claimant will be declared to be self-employed, both elements of section 4(*l*)(2)(B) must be satisfied. *Silver v. Unemployment Comp. Bd. of Review*, 34 A.3d 893, 896 (Pa. Cmwlth. 2011) [citing *Buchanan v. Unemployment Comp. Bd. of Review,* 581 A.2d 1005, 1007 (Pa. Cmwlth. 1990)].

It is not disputed that Claimant was laid-off on November 1, 2017 as a result of the seasonal nature of his employment, meaning that he was no longer "employed" within the first prong of the definition of "employment." It is also not disputed that Claimant became self-employed—he acknowledges that he became so at some point. The issue is when Claimant became self-employed. Claimant asserts that he was not self-employed until late March 2018 because he "did not take the requisite 'positive steps' toward[] self-employment" until then. (Claimant Br. at 18.)

4

Alternatively, Claimant argues that "[a]t best, the earliest date . . . was February 2018 when he opened a bank account." (*Id.*)

The determination of self-employment in the unemployment compensation context is not a finding of fact, but a conclusion of law. *McKean v. Unemployment Comp. Bd. of Review*, 94 A.3d 1110, 1112 (Pa. Cmwlth. 2014). "In determining whether a claimant is engaged in self-employment, our courts have looked at whether the claimant is engaged in positive acts to establish an independent business venture." *LaChance v. Unemployment Comp. Bd. of Review,* 987 A.2d 167, 170 (Pa. Cmwlth. 2009) [citing *Leary v. Unemployment Comp. Bd. of Review,* 322 A.2d 749, 750 (Pa. Cmwlth. 1974) ("The [act] of incorporation . . . was a positive . . . act in the establishment of an independent business enterprise.")].

Looking at Claimant's actions in their totality, it is clear that the Board was justified in its conclusion that Claimant had become self-employed at the time of his application. Claimant and his partner in Delta had taken action toward the formation of a limited liability company as early as October 6, 2017, when they filed a certificate of organization for Delta. While Claimant raises the interesting question of whether the filing of the certificate of organization, with a deferred effective date of February 1, 2018, *taken in isolation* would be sufficient to support the Board's conclusion that he was self-employed, that fact is not an isolated one. Claimant's application for, and obtaining of, an EIN for the then yet-to-be-organized Delta prior to November 11, 2017 clearly establish a pattern of one who has "undertaken an activity in an entrepreneurial spirit with all intentions of starting a new business, trade, profession or occupation" and was thus a self-employed businessman. *See Buchanan*, 581 A.2d at 1008. Subsequent positive acts (creating a business bank account, obtaining a business phone line, buying equipment, advertising, and

5

soliciting clients) only serve to bolster the Board's conclusion that Claimant was self-employed.

Claimant's version of events, in which his actions in filing a certificate of organization and for an EIN were undertaken at a time when he had not yet decided to leave Arrow Pool, was effectively rejected by the Board and we find no abuse of discretion in its doing so. Further, the sole finding of fact Claimant argues to be contrary to the evidence presented, that Delta purchased a van (F.F. 10), is in fact supported by an admission made on a claimant questionnaire. [Certified Record, Item No. 2, Question 10 ("On what date did you purchase equipment to operate your business? [Response:] March 9, 2018"; "List equipment purchased: [Response:] Van").]

In light of the foregoing, the decision of the Board is affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Piotr Kaminski,                                 :
                   Petitioner          :
                              :
           v.                                    :   No. 64 C.D. 2019
                              :
Unemployment Compensation Board  :
of Review,                                       :
                   Respondent        :

## O R D E R

AND NOW, this 12th day of December, 2019, the Order of the Unemployment Compensation Board of Review in the above-referenced matter is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge